UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON T. GATES,

            Plaintiff,

    v.

TAMARA R. FUNDRELLA,

            Defendant.

Case No. C20-0612-JCC-MAT

REPORT AND RECOMMENDATION

Plaintiff Brandon Gates is currently confined at the Island County Correction and Detention Facility in Coupeville, Washington. On April 16, 2020, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged that Tamara Fundrella, a deputy prosecuting attorney employed by the Island County Prosecuting Attorney's Office, had maliciously filed false charges against him and had requested an excessive bond. (*See* Dkt. 8 at 4-6.) Plaintiff also asserted that he was being unlawfully detained as a result of Ms. Fundrella's alleged misconduct. (*Id*.) Plaintiff identified Ms. Fundrella as the lone defendant in his complaint. (*Id*. at 3.) Plaintiff requested release from his alleged unlawful confinement and approximately $1.5 million in damages. (*Id*. at 9.)

REPORT AND RECOMMENDATION
PAGE - 1

After reviewing plaintiff's complaint, this Court determined that plaintiff had not identified therein a viable defendant or any viable cause of action and, thus, on June 22, 2020, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 9.) The Court explained in its Order to Show Cause that it appeared Ms. Fundrella, the lone defendant named in the complaint, was immune from liability for damages in this action because the actions complained of by plaintiff were taken by Ms. Fundrella in her role as a prosecutor for Island County, and in the context of plaintiff's pending state court criminal proceedings. (*See id*. at 1-2, citing *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976).)

The Court further explained that even if Ms. Fundrella were not entitled to prosecutorial immunity, resolution of the claims asserted by plaintiff in his complaint would necessarily result in this Court becoming involved in plaintiff's ongoing state court proceedings, and federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971)). Plaintiff was advised that his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in his state court criminal proceedings. (*Id*.)

On July 7-8, 2020, plaintiff submitted multiple documents to the Court which were apparently intended to respond to the Order to Show Cause. (*See* Dkts. 10, 11, 12.) Those documents included a response (Dkt. 12-1), two memorandums of authorities (Dkt. 10-2 and Dkt. 12), a declaration (Dkt. 10), and numerous exhibits (Dkt. 10-1 and Dkt. 11). Plaintiff details in his documents his many complaints about the state court criminal prosecution, including not only complaints about Ms. Fundrella, but also complaints about the investigating law enforcement

REPORT AND RECOMMENDATION
PAGE - 2

officers, his stand-by counsel, and the judges who have presided over various aspects of his case. However, none of these documents clearly address the fundamental issues identified by this Court in the Order to Show Cause. Plaintiff makes no showing in his submissions that Ms. Fundrella is a viable defendant in this action in light of her prosecutorial immunity, and the fact that plaintiff is dissatisfied with the way in which his criminal case is proceeding in the superior court is simply not an "extraordinary circumstance" which would justify this Court's intervention in that case.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff fails to identify in his complaint a viable defendant or any viable claim for relief, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, pursuant to § 1915(e)(2)(B). This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 21, 2020**.

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE - 3

DATED this 30th day of July, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4