THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
8                            AT SEATTLE

9    BRANDON T. GATES,                        CASE NO. C20-0612-JCC

10                          Plaintiff,        ORDER

11                  v.

12   TAMARA R. FUNDRELLA,

13                          Defendant.

14

15          This matter comes before the Court on Plaintiff's objections (Dkt. No. 18) to United

16   States Magistrate Judge Mary Alice Theiler's report and recommendation ("R&R") (Dkt. No.

17   13) regarding Plaintiff's 28 U.S.C. section 1983 complaint (Dkt. No. 8). Having thoroughly

18   considered the relevant record, the Court finds oral argument unnecessary, OVERRULES

19   Plaintiff's objections, and ADOPTS Judge Theiler's report and recommendation.

20          Plaintiff Brandon T. Gates filed a *pro se* civil rights complaint under 42 U.S.C.

21   section 1983. (Dkt. No. 8.) He alleges that Island County Deputy Prosecuting Attorney Tamara

22   R. Fundrella committed prosecutorial misconduct when she filed false charges against him and

23   requested excessive bond. (Dkt. No. 8 at 4–7.) Judge Theiler recommends that the Court dismiss

24   Plaintiff's complaint in accordance with 28 U.S.C. section 1915(e)(2)(B).

25          A district court must conduct a *de novo* review of those portions of a magistrate judge's

26   R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party

properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).

Plaintiff reasserts the allegations previously considered by Judge Theiler. (*See generally* Dkt. No. 18.) He points to no specific error in Judge Theiler's analysis, nor can the Court find one. Defendant is immune from the relief Plaintiff seeks. *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) (Prosecutorial immunity is "'based on the policy of protecting the judicial process.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 439 (1976) (White, J. concurring)). Therefore, Plaintiff fails to state a claim for which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). His objections are OVERRULED. Plaintiff's claims should be DISMISSED with prejudice, as further amendment would be futile. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

Accordingly, the Court ORDERS as follows:

(1) The Court ADOPTS the Report and Recommendation;

(2) The complaint is DISMISSED with prejudice;

(3) This dismissal shall count as a STRIKE under 28 U.S.C. section 1915(g); and

(4) The Clerk is DIRECTED to send a copy of this order to the parties.

//

ORDER
C20-0612-JCC
PAGE - 2

DATED this 26th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE